By the Count.
Hoffman, J.
—The remaining and a material question is, whether the plaintiff was properly admitted as a witness in his own behalf.
On the 21st of February, 1857, the cause was sent back to the referee to be retried. On the 13th of April, proceedings were resumed before him. On the 5th of May, 1857, the plaintiff gave notice of his intention to offer himself as a witness on the trial before the referee. The statute of 1857 permitting such an examination had gone into effect on the 13th day of April preceding. On the 29th of May he was examined.
The first objection taken is, that the notice of ten days should be given ten days before the commencement of the trial. But the 399th section requires only ten days’ notice of the intended examination to be given, not ten days before the trial. We see no reason for refusing the privilege, when a trial is in progress so long, that the full notice prescribed has expired when the party is called, although given during the trial.
It is next objected that two of the original parties to the action have died since the commencement of the suit. That their interests have fallen upon their personal representatives, who ought not to be prejudiced by the testimony of the plaintiff, not being able to meet it themselves.
But the deceased were partners with the present defendant, who is the survivor, and in whom the legal title is vested, The record is perfect as to parties. Ho objection is taken, and none probably could be taken that it is defective as to parties. Hamlin, the present defendant, is the adverse party on that record. There is no opposite party on the record in the character of a representative of a party deceased.
We think that this is all that the Code requires. The examination is to be allowed when the adverse party is living. The adverse party is the adversary on the record. So, under the other part of the clause, the person in interest must be living. That means, we apprehend, the person designated in the 397th section; one for whose immediate benefit the action is prose *385 cuted or defended. The representatives of the deceased defendants could not be treated as of this description.
We consider that the plaintiff was properly admitted.
There were some exceptions taken to rulings of the referee when the case was formerly before him. Rut no point has been made respecting them, nor has our attention been called to either of them. They can scarcely be of materiality, from the course the cause has taken, and the matters of fact and law.on which the decision rests. We have not considered them.
As to the plaintiff's appeal, we see no ground for it upon testimony or law.
Judgment affirmed.